[No. 24091. Department One. October 10, 1932.]

THE STATE OF WASHINGTON, *on the Relation of Joseph Buerkli et al., Plaintiff,* v. D. F. WRIGHT, *Judge of the Superior Court for Thurston County, Respondent.*[1]

*James P. Neal* and *Fred M. Bond,* for relators.
*R. P. Oldham,* for respondent.

MITCHELL, J.—This action, original in this court, grows out of proceedings in the trial court following the decision of this court and remittitur in the case of *Buerkli v. Alderwood Farms,* 168 Wash. 330, 11 P. (2d) 958. Joseph Buerkli and Green Meadow Cheese Factory and Dairy Company, a corporation, in the present proceeding seek to compel the trial court, in the hearing and judgment to be entered, to observe and carry out their view of the decision of this court, which, it is claimed, affirmed that portion of the judgment of the superior court that cancelled plaintiffs' note and the chattel mortgage securing the same. On

[1]Reported in 14 P. (2d) 962.

the return day of an alternative writ issued upon the petition in this court, the respondent has appeared by counsel, and objects, in effect, that the petition does not state facts sufficient to entitle the petitioners to any relief.

It appears there were many issues, including several alleged causes of action and items of account, disposed of in the judgment of the trial court at the former hearing from which the appeal was taken, in which Alderwood Farms and others, defendants in that action, were denied any relief, and wherein a note (fifteen thousand dollars) and a chattel mortgage to secure it, given by Buerkli and others to Alderwood Farms, were adjudged to "be paid and cancelled out of certain moneys derived from the sale of mortgaged chattels, etc." Upon the appeal by the defendants in that case, it was held that they were entitled to recover from the plaintiffs charges for real property taxes, fire insurance premiums and rentals, whereupon the judgment was reversed, with direction to the trial court to enter judgment accordingly.

It further appears in the present case that the trial court is proceeding to determine the amount of rental due and order foreclosure of the chattel mortgage in payment of the same, taking into consideration, in this respect, the rights of the parties in the fund derived from the former sale, on stipulation, of part of the chattels covered by the mortgage.

The demand of the petitioners is that the trial court be compelled to enter a judgment, among other things, cancelling the fifteen thousand dollar note and the chattel mortgage given to secure it. They argue that, because the decision on the appeal does not *eo nomine* reverse that portion of the judgment appealed from adjudging the note and chattel mortgage to be paid and cancelled out of certain moneys derived from

a stipulated sale of some of the chattels, therefore that portion of the judgment is left, and must be continued in force.

If the chattel mortgage referred to . secured the payment of only the fifteen thousand dollar note, or had the decision of this court on reversal not been in favor of the appellants with respect to other obligations the payment of which the chattel mortgage evidently was given to secure, then the argument on behalf of the petitioners would doubtless be sound. But such is not the case. That mortgage was given to secure, not only the fifteen thousand dollar note, but also other future indebtedness, which includes the rentals involved. The reversal, in this respect mentioned, necessarily had the legal effect of setting aside the provision in the judgment of the trial court that the mortgage be cancelled.

The amount that the trial court shall find to be due under the terms of a former decision of this court is not involved in the present proceedings.

Writ denied. The alternative writ heretofore issued will be quashed.

TOLMAN, C. J., PARKER, HOLCOMB, and MILLARD, JJ., concur.